UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GABRIEL ALEXANDER PULLIAM,     )
                                           )
         Petitioner,             )
                                           )
        v.                        )  Case No.  4:21-cv-00837-SRC
                                           )
RICHARD ADAMS,                 )
                                           )
         Respondent.         )

**Memorandum and Order**

After Gabriel Pulliam pleaded guilty in state court to one count of possession of a controlled substance, a judge sentenced him to a four-year term of imprisonment in the Missouri Department of Corrections.  After completing that sentence, he now petitions this Court under 28 U.S.C. § 2254 for a writ of habeas corpus, alleging ineffective assistance of his plea counsel. Because Pulliam is no longer "in custody" for the conviction he challenges, the Court denies the petition.

I.      **Facts and Background**

In October 2017, Pulliam pleaded guilty in Scott County to a charge of possession of a controlled substance, Mo. Rev. Stat. § 579.015, and a judge sentenced him to a four-year term of imprisonment.  Doc. 8-5 at p. 3.  After the motion court denied Pulliam's Missouri Supreme Court Rule 24.035 motion, he appealed to the Missouri Court of Appeals, which affirmed.  Doc. 8-4.  Pulliam's four-year term of imprisonment for his possession conviction ended on April 15, 2021.  Doc. 8-5 at p. 3; Doc. 1 at p. 13 (habeas petition) (admitting "I [Pulliam] have completed this sentence. . .").  On July 12, 2021, Pulliam filed a habeas petition with this Court regarding his possession conviction, claiming ineffective assistance of his plea counsel.  Doc. 1.

In September 2019, a Dunklin County jury found Pulliam guilty of a separate state offense under Mo. Rev. Stat. § 579.020, for distribution of a controlled substance.  Doc. 8-5 at p. 3.  A judge imposed, and Pulliam is currently serving, a twelve-year term of imprisonment in the Missouri Department of Corrections for his distribution-of-a-controlled-substance conviction. *Id.*

## II.     Standard

"Section 2254(a) permits a federal court to entertain an application for a writ of habeas corpus on behalf of a person 'in custody pursuant to the judgment of a State court.'"  *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) (per curiam) (citing 28 U.S.C. § 2254).  The Supreme Court has held that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired' . . . ."  *Id.* (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).  However, a petitioner serving a sentence for a subsequent state criminal conviction may independently satisfy section 2254(a)'s "in custody" requirement by asserting a challenge to the subsequent sentence "as enhanced by the allegedly invalid prior conviction." *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001); *see also Wright*, 141 S. Ct. at 1468 (describing a petitioner's "ability to attack the first conviction" under *Coss* as "limited" (citing *Coss*, 532 U.S. at 402–04)).

## III.    Discussion

In his habeas petition, Pulliam makes one claim for relief, relating solely to his conviction for possession of a controlled substance.  Doc. 1 at pp. 1, 5–8.  He acknowledges that he has completed his sentence for that conviction, but states that he is "moving forward with this process due to the erroneous nature that the criminal justice system conducts itself [sic] in South East Missouri." *Id.* at p. 13.  Pulliam completed his term of custody for his possession

conviction on April 15, 2021, Doc. 8-5 at pp. 2–3, and filed his habeas petition on July 12, 2021, Doc. 1.  He is currently in custody for a subsequent conviction for distribution of a controlled substance.  Doc. 8-5 at p. 3.  Since Pulliam is no longer serving the sentence imposed pursuant to his conviction for possession of a controlled substance, he "cannot bring a federal habeas petition directed solely at [that] conviction[]."  *Coss*, 532 U.S. at 401.

Further, even liberally construing his petition, the Court finds that Pulliam does not make any claim that his subsequent sentence for drug distribution was enhanced by his prior possession conviction.  And even if he did make such a claim, the Court takes judicial notice that in the subsequent distribution-of-a-controlled-substance case, Missouri Case.net records reveal that the State charged Pulliam as a "prior and persistent offender"—subject to an extended term of imprisonment—based on two prior felony convictions from 1998 and 1999, not based on the 2017 felony drug-possession conviction that is the subject of Pulliam's current habeas petition. *See* Second Amended Information at 1, *State v. Pulliam*, No. 17DU-CR00558-02 (Mo. 35th Jud. Cir. Aug. 26, 2019); *see also Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records, and observing that "[i]n Missouri, as in other states, court records are public records" (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98, (1978); *Pulitzer Publ'g Co. v. Transit Cas. Co.*, 43 S.W.3d 293, 300–01 (Mo. 2001); Mo. Rev. Stat. §§ 109.180, 476.010)).

Because Pulliam is no longer in custody based on the conviction he challenges in his habeas petition, and because he does not claim that his subsequent sentence was enhanced by the challenged conviction, the Court denies his petition.

3

**IV.**    **Certificate of Appealability**

The Court finds that Pulliam has not made a substantial showing of the denial of a

constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C.

§ 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a

"substantial showing" is a showing that the "issues are debatable among reasonable jurists, a

court could resolve the issues differently, or the issues deserve further proceedings").  Therefore,

the Court does not issue a certificate of appealability as to any claims raised in Pulliam's § 2254

petition.

**V.**    **Conclusion**

The Court denies Pulliam's [1] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas

Corpus and dismisses the petition with prejudice.  The Court does not issue a certificate of

appealability.

So Ordered this 31st day of January 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE